IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTHONY DUANE TALLEY, JR.                                                   PLAINTIFF

VS.                                           CIVIL ACTION NO. 4:12CV149-DPJ-FKB

MAJOR J. ROBINSON, et al.                                            DEFENDANTS

REPORT AND RECOMMENDATION

Anthony Duane Talley, Jr., is a pretrial detainee at the Lauderdale County Detention Center. He brought this action pursuant to § 1983 against detention center officials alleging that he received inadequate medical treatment for injuries suffered on two separate occasions and that prison officials failed to protect him from an injury by a fellow inmate. Having considered the complaint, Plaintiff's testimony at the *Spears*[1] hearing, and Plaintiff's institutional medical records, the undersigned recommends that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The first incident of which Talley complains occurred on June 22, 2013. Plaintiff alleges that, on that date, he fell down some stairs. After the fall, prison officers lifted him and moved him to the medical unit for evaluation. Plaintiff contends that the move caused pain to his back. It is Plaintiff's opinion that the prison officers should not have moved him because they were not trained to do so and that they should have called an ambulance instead. He has not alleged any serious or permanent injuries as a result of the incident, and the medical record reveals none.

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

The second incident occurred on August 31, 2012. Plaintiff says he was injured in the groin area when a state inmate stuck a broom handle through the tray slot in his cell door. After the incident, Talley was transported to the medical unit, where the nurse, Sheila Hamlin, examined him and found no bruises or swelling. Hamlin provided him with ice packs and Tylenol for his complaints. Plaintiff believes that prison officials should have protected him from the attack and that he should have received more attentive medical care, including transport to a hospital via ambulance.

A pretrial detainee has a due process right to receive reasonable medical care. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The right is equivalent to the Eight Amendment right enjoyed by prisoners. *Id.* Thus, a pretrial detainee seeking to recover for a denial of reasonable medical care must allege deliberate indifference to serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a plaintiff must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff's allegations fall far short of this standard. Plaintiff suffered relatively minor injuries for which he received treatment. He has made no showing of deliberate indifference.

Talley's failure-to-protect claim likewise fails. In order to succeed on a failure-to-protect claim, a pretrial detainee must allege and prove that an official acted with subjective deliberate indifference to his rights. *Hare v. City of Corinth*, 74 F.3d 633 (5th

Cir. 1996). "Subjective deliberate indifference" means that the official has actual knowledge of a substantial risk of serious harm and responds with deliberate indifference to that risk. *Id.* at 650. Plaintiff has not alleged that anyone had reason to believe that another prisoner would stick a broom handle through his tray slot while Plaintiff was standing in front of it. Nor has he shown that the situation posed a substantial risk of serious harm.

For these reasons, the undersigned recommends that Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of November, 2013.

                                          /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE