UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTHONY DUANE TALLEY, JR.                                             PLAINTIFF

v.                                              CIVIL ACTION NO. 4:12cv149-DPJ-FKB

MAJOR J. ROBINSON, et al.                                            DEFENDANTS

ORDER

This § 1983 cause came on this date to be heard upon the Report and Recommendation of the United States Magistrate Judge, after referral of hearing by this Court.  Magistrate Judge Ball, after conducting a *Spears*[1] hearing, recommended dismissal of Talley's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(1).  Talley filed an objection [28], in which he re-stated the factual basis for his claims. The Court, having fully reviewed the Report and Recommendation of the United States Magistrate Judge entered in this cause and Talley's objection, finds that the Report and Recommendation should be adopted as the opinion of this Court.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . is frivolous or malicious." (Emphasis added).  A complaint is frivolous "if it lacks an arguable basis in fact or law." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id*. (citation omitted).  "Claims are factually frivolous when they are based on factual allegations that are delusional, fantastic, fanciful, or otherwise clearly baseless." *Buckenberger v. Reed*, 342 F. App'x 58, 61 (5th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

---

[1]*Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

To succeed on his claim asserting that he was denied reasonable medical care, Talley must establish that prison officials "act[ed] with deliberate indifference to [his] serious medical needs." *Domino v. Texas Dept. of Crim. Justice*, 239 F.3d 752, 754 (5th Cir. 2001). Similarly, to establish his failure-to-protect claim, Talley would have to establish subjective deliberate indifference. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996). "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

In this case, Judge Ball held an evidentiary hearing and reviewed Talley's medical records and concluded that Talley's allegations "fall far short" of establishing his claims. To the extent the claims present a close call on the question of whether they are frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), dismissal would still be appropriate for failure to state a claim under § 1915(e)(2)(B)(ii).

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This dismissal counts as a strike under 28 U.S.C. § 1915(g).

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2013.

               s/ *Daniel P. Jordan III*
               UNITED STATES DISTRICT JUDGE